## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TENNESSEE
## CHATTANOOGA DIVISION

| | |
|---|---|
| MICHEAL GRISSOM ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action |
| v. ) | File No. _____ |
| ) | |
| CANADIAN NATIONAL RAILWAY ) | |
| COMPANY, a/k/a and d/b/a ILLINOIS ) | |
| CENTRAL RAILROAD CO., a/k/a ) | |
| CN RAILWAY CO., a/k/a CN ) | |
| Defendant. ) | |

## COMPLAINT

Plaintiff, Mike Grissom, by and through counsel, files this Complaint for Damages against Defendant, CANADIAN NATIONAL RAILWAY COMPANY, a/k/a/ and d/b/a ILLINOIS CENTRAL RAILROAD CO a/k/a CN RAILWAY CO., a/k/a CN (hereinafter "CN"), a corporation, respectfully showing the following:

### THE PARTIES, JURISDICTION AND VENUE

1. Plaintiff, Mike Grissom is a citizen and resident of the State of Tennessee.

2. Defendant CN is and, at all times relevant hereto, has been a duly authorized foreign railroad corporation that, upon information and belief, is organized and existing under and by virtue of the laws of the State of Illinois.

3. CN is an Illinois corporation in the business of railroad operations whose agent for process is C T Corporation System, Suite 2021, 800 S Gay St., Knoxville, TN 37929-9710 which is located in this district.

4. Defendant CN does business and was at all times mentioned herein doing business within the jurisdiction of this Court as a common carrier of intrastate and interstate commerce.

5. Defendant CN owns, maintains and operates property, including, but not limited to, a railroad, railroad tracks and rail yard(s) in the State of Tennessee.

6. Defendant CN maintains its registered agent within this district.

7. Defendant CN is subject to the personal jurisdiction of this Court.

8. Venue as to Defendant CN is proper in this Court under 28 U.S.C.A. § 1391.

9. Plaintiff's action(s) arises under the Federal Employers Liability Act ("FELA"), 45 U.S.C. §§51-60 and Safety Appliance Act, 49 U.S.C. § 20301, et seq. and the statutes and regulations promulgated and enforced by the Secretary of Transportation and the Federal Railroad Administration.

10. Jurisdiction of this Court is vested by virtue of the FELA.

11. This action was brought within the applicable three year statute of limitations period governing lawsuits brought pursuant to the FELA.

## FACTS

12. At all times herein mentioned, Defendant CN was an intrastate and interstate carrier engaged in interstate transportation and commerce.

13. At all times relevant to this civil action, Defendant had the non-delegable duty to provide Plaintiff with a reasonably safe place to work.

14. At the time of injury, Plaintiff was working in the furtherance of interstate commerce and was engaged in work which directly, closely and substantially affected the general interstate commerce carried on by the Defendant CN Railroad.

15. On or about May 1, 2012 while performing his job duties, Plaintiff was injured as a direct result of the negligence of the Defendant, its agents and or employees as he attempted to cross over between two railcars.

16. Plaintiff fell and landed on his back across the adjacent railroad track when the brake wheel he was using as a hand hold failed to stay attached to rail car ATGX 76906 causing severe injuries to the Plaintiff's back.

17. As a direct result of the negligence of Defendant and/or its agents and employees, Plaintiff suffered severe, permanent, disabling and debilitating injuries to his back, causing him pain, suffering and mental anguish, which, with reasonable certainty, will continue in the future.

18. As a direct result of said occurrence, Plaintiff has been caused to lose income, which he otherwise would have earned and, with reasonable certainty, he will be caused to lose earnings in the future. His ability to work and earn income has been permanently impaired.

19. The Defendant knew or should have known of the unsafe condition that existed on rail car ATGX 76906 which caused or contributed to cause, either in whole or in part, Plaintiff's injuries and damages.

20. Because of the unsafe conditions, Plaintiff suffered significant injuries, including, but not limited to, injuries to Plaintiff's back.

21. Defendant's failure to properly inspect/maintain the parts and appurtenances of the rail car, which was in use at the time of Plaintiff's injury, was a violation of the Federal Safety Appliance Act, 49 U.S.C. § 20301, et seq. ("SAA").

22. Defendant's failure to comply with the provisions of 49 U.S.C. §§ 20301, *et seq.* amounts to negligence *per se*.

23. Defendant's negligence and violation of the SAA created an unsafe workplace that caused Plaintiff's injuries.

24. It was foreseeable that Defendant's negligence and violation of the SAA could cause injuries and damages.

25. Defendant's violation of the SAA was a legal cause of Plaintiff's injuries and damages.

26. As a result of Defendant's violation of the SAA, Defendant is strictly liable to Plaintiff for all his injuries and damages.

27. Defendant's violation of the FELA was a legal cause of Plaintiff's injuries and damages.

28. As a result of Defendant's acts and/or omissions, including the violations of the FELA and SAA, Plaintiff has suffered injuries and damages, including loss of earnings and benefits and mental and physical pain and suffering.

**WHEREFORE**, Plaintiff prays for the following:

a. Trial by jury;

b. Judgment in his favor and against Defendant Canadian National Railway Company in an amount to be shown by the evidence at the time of trial and determined by the enlightened conscious of the jury;

c. All costs of Court to be cast against Defendant; and

d. Such other and further relief as this Court deems just and equitable.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial on all issues.

Respectfully submitted,

**COOK, p.c.**

By: s/Edward S. Cook
    Edward S. Cook
    Georgia Bar No. 532981
    Admitted to Practice
    Eastern District of Tennessee

3350 Peachtree Rd., NE
Suite 1100
Atlanta, GA 30326
404.841.8485 (phone)
404.841.8045 (fax)

ATTORNEY FOR THE PLAINTIFF